**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

REYNOLD MILLER,
ADC #141806                                                                                    PLAINTIFF

v.                                              4:14CV00122-SWW-JTK

JOHN FELTS, et al.                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge

Susan Webber Wright. Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Miller, a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC), has been granted in forma pauperis status in this action filed pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges Defendants, members of the Arkansas Board of Parole, discriminated against him based on his race when they denied his requests for parole. Plaintiff asks for injunctive relief, including a "fair and impartial hearing."

## I. Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  But regardless whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's opinion in Ashcroft v. Iqbal, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556 U.S. 662, 678, (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id. at 556-7.

## II.    Analysis

Having reviewed Plaintiff's complaint, the Court finds it should be dismissed for failure to state a claim.  Despite his claim that the parole regulations create a liberty interest (Doc. No. 2, p.6), the Due Process clause does not created a protected liberty interest in the possibility of parole or release prior to the expiration of a valid sentence.  Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979).  The Arkansas parole statute establishes only the

possibility of parole, and states the parole board "may release on parole any individual eligible under § 16-93-601 ... when, in its opinion, there is a reasonable probability that the prisoner can be released without detriment to the community or himself or herself." ARK. CODE ANN. § 16-93-201(a)(1) (Supp. 2001) (Lexis Nexis).  In addition,  nothing in the statutes "shall grant any offender the right to be sentenced or transferred ... as a matter of right."  ARK. CODE ANN. § 16-93-1210 (Supp. 2001) (Lexis Nexis).  Therefore, the statutes do not establish any right to release on parole that would invoke due process protection.  See also Pittman v. Gaines, 905 F.2d 199, 201 (8th Cir. 1990).

To the extent that Plaintiff is attacking the validity of his confinement (which may be inherent in his claim that his requests for parole were improperly denied, and his request for a fair and impartial hearing), the appropriate cause of action should be one for habeas corpus relief.  See Wilson v. Lockhart, 949 F.2d 1051 (8th Cir. 1991).  In Offet v. Solem, 823 F.2d 1256, 1261(8th Cir. 1987), the court held state remedies must be exhausted when a federal decision might indirectly lead to a change in the duration of confinement by requiring reconsideration of a prisoner's status.

## III.   Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.       Plaintiff's complaint against defendants be DISMISSED without prejudice to re-file after exhaustion of his available remedies.

2.       This dismissal be considered a "strike" within the meaning of the PLRA.[1]

---

[1]
The Court notes that dismissal of Plaintiff's complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...."  See Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-64 (5th Cir. 1998).

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis

appeal from an Order and Judgment dismissing this action is not taken in good faith.

IT IS SO RECOMMENDED this 17th day of March, 2014.

_____
 JEROME T. KEARNEY
 UNITED STATES MAGISTRATE JUDGE